IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHEROD PETERSON,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:14-cv-01160-JDB-egb
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:13-cr-10035-JDB-1
UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On July 8, 2014, Petitioner, Sherod Peterson, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (No. 1:14-cv-01160-JDB-egb, Docket Entry ("D.E.") 1.)[1] For the reasons that follow, the Petition is DENIED.[2]

**BACKGROUND**

A federal grand jury returned a multiple count indictment against Peterson on April 15, 2013. (No. 1:13-cr-10035-JDB-1, D.E. 1.) Assistant Federal Defender Dianne Smothers was appointed to represent him. (*Id.*, D.E. 7, 9.) Pursuant to an agreement with the Government, Peterson pleaded guilty on July 12, 2013, to Counts 1 through 3 of the indictment, which charged

---

[1] Hereinafter, record citations to Petitioner's civil case, 1:14-cv-01160-JDB-egb, will not contain the case number, while citations to documents filed in his criminal case, *United States v. Sherod Farris Peterson*, No. 1:13-cr-10035-JDB-1, will include the case number.

[2] On July 11, 2017, the Court denied Petitioner's request for relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (D.E. 6.)

the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and to Count 5, which charged possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). (*Id.* at D.E. 17-18.)

In September 2013, the United States Probation Office prepared a presentence report ("PSR") to aid in the calculation of Petitioner's advisory sentencing range under the United States Sentencing Commission *Guidelines Manual* (eff. Nov. 1, 2012) ("Guidelines" or "U.S.S.G."). Due to the defendant's 2002 conviction for possession of marijuana with intent to sell, the PSR applied U.S.S.G. § 2K2.1(a)(4)(A) to arrive at a base offense level of twenty.[3] (PSR at 5, 12.) Under that section, a defendant convicted of being a felon in possession of a firearm who previously "sustain[ed] one felony conviction of either a crime of violence or a controlled substance offense" is subject to a base offense level of twenty. U.S.S.G. § 2K2.1(a)(4)(A). The PSR also identified three specific offense characteristics, which raised the offense level by eight. (PSR at 5.) The offense level was reduced by three for the defendant's acceptance of responsibility. (*Id.* at 6.) Based on a total offense level of twenty-five and a criminal history category of IV, the defendant's advisory Guidelines imprisonment range was eighty-four to 105 months. (*Id.* at 22.)

Defense counsel subsequently filed a sentencing position statement requesting that the defendant be sentenced below the advisory Guidelines range. (No. 1:13-cr-10035-JDB-1, D.E. 23 at PageID 36.) With regard to the "[o]ffense [l]evel [c]omputations," the statement reported

---

[3]Generally, sentencing courts are to consider the Guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A). All references in this order are therefore to the Guidelines in effect on the date of Peterson's sentencing, October 31, 2013. *See* United States Sentencing Commission *Guidelines Manual* (eff. Nov. 1, 2012).

that "Defendant has no objections to the calculations set out in these paragraphs."  (*Id.* at PageID 35.)

At a hearing on October 31, 2013, the defendant was sentenced at the bottom of the Guideline range to eighty-four months of incarceration on each count, to run concurrently, followed by a three-year period of supervised release.  (*Id.*, D.E. 24-25.)  He did not take a direct appeal.

In 2014, Peterson filed the Petition (D.E. 1), together with a memorandum (D.E. 1-1).  The Court construes these documents together as presenting the following claims:

>   **Claim 1:**  The Court erred at sentencing in adopting the PSR's calculation of a base offense level of twenty under the Guidelines.  (D.E. 1 at PageID 4.)
>
>>   **Claim 1A:**  "[T]he petitioner was enhanced or received a[n] upward of six level[s] without a jury resol[ution] or a hearing to resolve any question of fact that trigger[s] an increase [in] the mandatory minimum sentence in light of *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]." (*Id.*; *see also* D.E. 1-1 at PageID 12-15.)
>>
>>   **Claim 1B:**  The sentencing judge "failed to adequately explain his reason for the upward variance," as required by *Peugh v. United States*, 569 U.S. 530 (2013), and did not give Petitioner "an opportunity to refute th[e] allegations . . . use[d] for the upward variance."  (D.E. 1-1 at PageID 14; *see also* D.E. 1 at PageID 4.)
>
>   **Claim 2**:  Trial counsel was ineffective by failing to "investigate" and "challenge" the "enhanced" offense level.  (*See* D.E. 1 at PageID 5; D.E. 1-1 at PageID 13, 15.)
>
>   **Claim 3:** Trial counsel rendered ineffective assistance.  (D.E. 1 at PageID 6.)

On November 9, 2017, the Government filed its response to the Petition.  (D.E. 12.)  Peterson submitted a reply on December 13, 2017.  (D.E. 13.)

## DISCUSSION

Respondent argues that Claim 1 is not cognizable in this federal habeas proceeding, Claim

3

2 is without merit, and Claim 3 is insufficiently pleaded. (D.E. 12 at PageID 38-40.) In support of Claim 2, the Government submits the affidavit of attorney Smothers. (D.E. 12-1.) In his reply, Petitioner does not address Respondent's arguments, but instead asserts for the first time "that he asked his counsel to file a direct appeal . . . [to] challenge . . . the calculation of his guideline range," but she did not do so. (D.E. 13 at PageID 46.)

As an initial matter, the Court will disregard the newly asserted claim. At this late stage, additional claims must be made through a motion for leave to amend the Petition, *see* Fed. R. Civ. P. 15(a)(2), which Petitioner did not file. Even if filed, such a motion would be denied because the amendment would be futile; the claim was first asserted in the reply filed December 2017, making it untimely by more than three years. *See* 28 U.S.C. § 2255(f).

With regard to the claims set forth in the Petition, the Court determines that Peterson is not entitled to relief.

1. **Legal Standards**

Petitioner seeks resentencing pursuant to 28 U.S.C. § 2255(a), which reads as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Accordingly, a prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). A

petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).[4]

**2. Claim 1: Offense Level Calculation**

In Claim 1, Peterson challenges his offense level under the advisory Guidelines as calculated in the PSR (Claim 1A), and the Court's adoption of the PSR's recommendation (Claim 1B). He is not entitled to relief under either sub-part of the claim.

    a. Claim 1A

The inmate asserts that his Guideline range was incorrectly calculated, insisting that he is entitled to a base offense level of fourteen, rather than twenty. (D.E. 1 at PageID 4; D.E. 1-1 at PageID 12-15.) He presumably relies on U.S.S.G. § 2K2.1(a)(6), which provides for, in relevant part, a base level of fourteen if the defendant is simply, without more, a person "prohibited" from possessing a firearm under federal law. *See* U.S.S.G. § 2K2.1(a)(6) (setting a base offense level of fourteen for "prohibited person[s]," among others); § 2K2.1, comment (n.3.) (defining a "prohibited person" as "any person described in 18 U.S.C. § 922(g) or § 922(n)"). As the PSR determined, however, Petitioner's 2002 controlled substance conviction qualified him for a base level of twenty under § 2K2.1(a)(4). (PSR at 5, 12.) Citing *Alleyne*, Peterson argues that he cannot qualify for a base offense level of twenty unless a jury decides the fact of his prior drug conviction. (D.E. 1 at PageID 4; D.E. 12 at PageID 38-39.) Respondent argues that the Guidelines calculation claim is not cognizable in this collateral proceeding. The Court agrees.

---

[4] A § 2255 petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). An evidentiary hearing on Petitioner's claims is not necessary, as they fail as a matter of law or are unsupported.

"Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001) (citing *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996)). Instead, a petitioner must "[n]ormally" make such challenges "on direct appeal or they are waived." *Id.* (citing *United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir. 1994)). If the claim is one of nonconstitutional error, a petitioner may find "relief from the consequences of waiver" only where the error amounts to "a violation of due process." *Grant*, 72 F.3d at 506. "[M]istakes in the application of the sentencing guidelines" are "nonconstitutional errors [which] . . . will rarely, if ever" constitute a denial of due process. *Id.* Such errors are thus normally not cognizable in § 2255 proceedings. *Id.*; *see also United States v. Lankford*, Nos. 99-5870, 99-6075, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); *Chandler v. United States*, No. 2:13-cv-02646-STA-cgc, 2016 WL 2766678, at *5 (W.D. Tenn. May 12, 2016) (denying challenge to "Court's calculation of the sentencing guidelines").

Here, Petitioner did not raise the Guidelines calculation issue in a direct appeal, and thus waived it.[5] *See Grant,* 72 F.3d at 506. He nevertheless insists that he is entitled to "relief from the consequences of [that] waiver," *id.*, because, under *Alleyne*, the Court's failure to submit the question of his prior conviction to a jury denied him due process. The argument is without merit.

Prior to *Alleyne*, the United States Supreme Court, in *Almendarez-Torres v. United States,* 523 U.S. 224, 228-47 (1998), held that the Sixth Amendment does not require the prosecution to

---

[5]Peterson seems to argue, in passing, that the Court may properly consider the claim because his failure to raise it on appeal resulted from an "ambiguous" plea agreement that "does not clearly specify" that he waived his appeal rights. (D.E. 1-1 at PageID 14.) The assertion fails because it is conclusory and unsupported; Petitioner does not point to any ambiguity in the plea agreement's waiver provision.

submit to the jury the fact of a prior conviction. Refusing to disturb its ruling in *Almendarez-Torres*, the Court, in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court in *Alleyne* extended *Apprendi* to facts that increase the mandatory minimum. *Alleyne*, 570 U.S. at 103. It held that "any fact that increases the mandatory minimum [sentence] is an 'element' [of the crime] that must be submitted to the jury." *Id.* The *Alleyne* Court expressly declined to "revisit" *Almendarez-Torres*'s "narrow exception" for the fact of a prior conviction. *Id.* at 111 n.1. The Sixth Circuit has "repeatedly" held, and recently reaffirmed, that *Alleyne* did not overrule *Almendarez-Torres*. *See United States v. Young*, 847 F.3d 328, 369 (6th Cir.) (citing *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014)), *cert. denied* 138 S. Ct. 147 (2017).

Because Peterson challenges the fact of a prior conviction, there is no merit to his assertion that he was denied due process when the undersigned, rather than a jury, determined the existence of his 2002 drug conviction to assess a base offense level of twenty. *See, e.g.*, *Knight v. United States*, Nos. 1:10-cr-120-HSM-SKL, 1:14-cv-132-HSM, 2017 WL 4018848, at *4 (E.D. Tenn. Sept. 12, 2017) (rejecting petitioner's *Alleyne* claim that the "jury was required to determine the existence of his prior convictions" used to increase the mandatory minimum sentence). The allegation of a due process violation is without merit for the additional reason that Petitioner challenges his offense level under the advisory Guidelines, not an increase in the statutory minimum as in *Alleyne*. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir.) (holding that

7

"judge-found facts that trigger an increased guidelines range" do not implicate *Alleyne*), *cert. denied* 134 S. Ct. 1528 (2014).

The inmate has thus failed to establish that he should be relieved of the consequences of his waiver of Claim 1A. The claim is therefore noncognizable. *See, e.g., Jackson v. United States*, Nos. 1:08-cr-71-HSM-SKL, 1:12-cv-195-HSM-SKL, 2015 WL 13501495, at *3 (E.D. Tenn. Aug. 14, 2015) (dismissing claim challenging Guidelines range calculation as noncognizable where petitioner did "not allege[], and the record [did] not indicate, any extraordinary circumstances rising to the level of a due process violation . . . .," citing *Grant*, 72 F.3d at 506).

b. Claim 1B

Relying on *Peugh*, Petitioner contends that the "sentence[ing] judge . . . failed to adequately explain his reason for" adopting an offense level of twenty. (D.E. 1-1 at PageID 14; *see also* D.E. 1 at PageID 4.) He also alleges that he was not given "an opportunity to refute th[e] allegations . . . use[d] for the upward variance." (D.E. 1-1 at PageID 14.) The Government did not respond to these assertions.

Peterson is correct that a "district court must explain the basis for its chosen sentence on the record," and a "major departure [from the Guidelines] should be supported by a more significant justification than a minor one." *Peugh*, 569 U.S. at 537 (brackets in original); *see also* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . .") In addition, "due process . . . require[s] that a criminal defendant be . . . afforded an adequate opportunity to challenge the factual basis" for increasing his offense level under the Guidelines. *United States v. Wilhite*, No. 90-5931, 1991 WL 46512, at *1 (6th Cir. Apr. 4, 1991) (per curiam); *see generally United States v. Bolds*, 511 F.3d 568, 579 (6th

8

Cir. 2007) (sentencing court must give "both parties the opportunity to argue" for a particular sentence).

Movant cannot prevail on his claim that the Court violated these precepts. First and foremost, he waived the sentencing challenge by failing to raise it on appeal. *See Weinberger*, 268 F.3d at 351 (holding a petitioner must "[n]ormally" make sentencing challenges "on direct appeal or they are waived.")

In addition, the allegations that the Court did not give him an opportunity to challenge the calculation of the offense level or provide a sufficient explanation for the so-called "upward variance" (D.E. 1-1 at PageID 14) are belied by the record. Petitioner had opportunities before and during sentencing to lodge an objection to the PSR's calculation of a base offense level of twenty, but did not do so. (*See, e.g.*, No. 1:13-cr-10035-JDB-1; D.E. 23 at PageID 35 ("Defendant has no objections to the calculations").) Indeed, Peterson implicitly concedes that the defense could have, but did not, object. (D.E. 1 at PageID 5; D.E. 1-1 at PageID 15.) The Court therefore adopted at sentencing the advisory Guideline range of eighty-four to 105 months, applied and explained the relevant sentencing factors under 18 U.S.C. § 3553, and imposed an eighty-four month sentence. Petitioner does not allege what additional information or explanation was needed. Moreover, contrary to his assertion that the sentence was an "upward variance" requiring greater justification, the sentence was neither a "major departure" from the Guidelines nor "a minor one," *see Peugh*, 569 U.S. at 537, but instead fell at the very bottom of the advisory range. *See United States v. Pritchard*, 392 F. App'x 433, 439 (6th Cir. 2010) ("[A] within guidelines sentence requires less detailed explanation" than a sentence which departs from advisory range, citing *Rita v. United States,* 551 U.S. 338, 356-57 (2007)).

For these reasons, the Court DENIES Claim 1 in its entirety.

### 3. Claim 2: Ineffective Assistance of Counsel Regarding Sentencing

Petitioner asserts that trial counsel was ineffective by failing to "investigate" the "enhance[d]" offense level and "challenge" it under *Alleyne*. (D.E. 1 at PageID 5; D.E. 1-1 at PageID 15.) The claim is without merit.

To prevail on a claim of attorney ineffective assistance, a petitioner must demonstrate that (1) his attorney's performance was deficient, that is, "fell below an objective standard of reasonableness," and (2) his attorney's error prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The attorney's performance is presumptively reasonable and the petitioner bears the burden of overcoming the presumption. *Id.* at 689. "Where ineffective assistance at sentencing is asserted, prejudice is established if the [petitioner] demonstrates that his sentence was increased by the deficient performance of his attorney." *Johnson v. United States*, No. 15-2032, 2017 WL 3895063, at *1 (6th Cir. Mar. 16, 2017) (quoting *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007)).

Here, Petitioner argues that counsel should have objected to a base offense level of twenty on the grounds that *Alleyne* requires a jury determination of the 2002 drug conviction. As discussed, the defendant could not have taken refuge under *Allyene*. An objection by counsel would therefore have been futile and "the failure to make futile objections does not constitute ineffective assistance." *Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir.), *cert. denied* 137 S. Ct. 76 (2016).

To the extent Petitioner argues that counsel should have investigated the "six level enhancement" (D.E. 1-1 at PageID 15), he has not alleged what a supposedly adequate

10

investigation would have yielded. In particular, he does not assert that further investigation would have shown that he was not, in fact, convicted of a drug offense in 2002.

Petitioner's silence on this point contrasts with defense counsel's contention that "[t]here was never any dispute that this prior conviction did exist." (D.E. 12-1 at PageID 42.) She states that she "provided a copy of the discovery material to Mr. Peterson by a letter hand delivered to him on May 20, 2013," together "with copies of the relevant Guideline chapters relating to his charges, which were Chapters 2K2.1 [firearms] and 2D1.1 [narcotics]." (*Id.* at Page ID 42-43 (brackets in original).) "The discovery material provided by the [G]overnment included a copy of a prior felony conviction out of the Circuit Court of Madison County, Tennessee, for possession of marijuana with intent to distribute," showing that "judgment was entered on August 1, 2002." (*Id.* at PageID 42.) Counsel also details the interactions she had with the defendant regarding the calculation of his offense level and Guideline range, including the questions he asked and the answers she provided. (*Id.* at PageID 43.) Petitioner has not contradicted counsel's averments or shown that her advice was incorrect.

Counsel therefore did not perform deficiently and the defendant was not prejudiced. Claim 2 is DENIED.

   **4.  Claim 3:  Ineffective Assistance of Counsel**

In Claim 3, Peterson claims a "[d]ue process of law violation by ineffective [assistance of] counsel." (D.E. 1 at PageID 6.) He avers no facts in support of the contention. There is thus no indication as to what counsel did or did not do that fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

11

Claim 3 is therefore DISMISSED as failing to state a claim. *See Wogenstahl v. Morgan,* 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim.")

For all of these reasons the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

> If the petition was denied on procedural grounds, the petitioner must show, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[6]

IT IS SO ORDERED this 22nd day of January 2018.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.